UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
SEAN MINGO,

                Plaintiff,

    -against-

CITY OF NEW YORK,
KENDRICK VICTORIA,
UC 320, and
JOHN DOES 1-3,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Plaintiff Sean Mingo, by his attorneys, the Lumer Law Group, as and for his Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

1. At all times hereinafter mentioned, plaintiff Sean Mingo, was an adult male and resided in Kings County, in the State of New York.

2. At all relevant times hereinafter mentioned, defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

3. At all relevant times hereinafter mentioned, defendant Kendrick Victoria, Shield Number 2110, was employed by the City of New York as a member of the NYPD, with the rank of detective. Victoria is sued herein in his/her individual capacity.

4. At all relevant times hereinafter mentioned, defendant UC 320, also known as Undercover Officer 320, was employed by the City of New York as a member of the NYPD. UC 320's actual identity is not known to plaintiff. UC 320 is sued herein in his/her individual capacity.

5. At all relevant times hereinafter mentioned, defendants John Doe(s) 1-3 were employed by the City of New York as members of the NYPD. Their actual identity is unknown to plaintiff at this time. The Doe defendants are sued herein in their individual capacity.

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 1983.

7. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

**RELEVANT FACTS**

8. On December 23, 2016, plaintiff and three women were lawfully present inside a hotel room located at 535 N. Gannon Avenue in Staten Island, New York, when several members of the NYPD entered the room.

9. The officers who entered the hotel room included the Doe defendants and Victoria.

10. The officers who entered the hotel room arrested plaintiff and the three

women.

11. Defendants did not have probable cause to arrest plaintiff or any of the three women, nor was there any reasonable basis for defendants to believe probable cause existed.

12. Plaintiff and the three women were transported to a local police station house.

13. The three women were released from police custody later that same day without being charged criminally in any way.

14. Plaintiff was not released, and was held in custody for many hours before he was arraigned on a felony complaint under docket number 2016RI010580.

15. While plaintiff was in defendants' custody awaiting arraignment, the defendants completed, or caused to be completed, arrest paperwork in which the defendants falsely claimed that they personally witnessed two of the three women agree to participate in sexual activity in exchange for money, and that plaintiff was present for this discussion and stated at the time that it was his hotel room. Finally, Victoria falsely claimed that he recovered a marijuana cigarette from inside the hotel room.

16. Each of these allegations was materially false as related to plaintiff, and defendants knew them to be materially false.

17. While plaintiff was in defendants' custody, one or more of the defendants forwarded, or caused to be forwarded, the arrest paperwork, and possibly other documentation, containing these materially and fundamentally false allegations to the

Richmond County District Attorney's office ("RCDA").

18. The purpose of transmitting the documentation concerning plaintiff's arrest to the RCDA was to ensure that the RCDA would initiate plaintiff's criminal prosecution.

19. The RCDA then drafted a felony criminal complaint based upon the falsified factual allegations communicated by the defendants and Victoria executed it under penalty of perjury on December 24, 2016.

20. Based entirely on defendants' materially false allegations, plaintiff was arraigned and criminally charged with promoting prostitution in the third degree under NY Penal Law §230.25, which is a D Felony, as well as the B Misdemeanor permitting prostitution under §230.40, and the unlawful possession of marijuana under §221.05, which is a violation.

21. The factual allegations in the December 24, 2016, complaint was materially false insofar as they concerned plaintiff.

22. At no time did defendants have sufficient legal cause to arrest and imprison plaintiff, nor was it reasonable for defendants to believe such cause existed.

23. While plaintiff was never indicted, he was obligated to return to court several times as the prosecution against him continued.

24. Upon information and belief, on June 27, 2017, the charges against plaintiff were dismissed on speedy trial grounds and the case was terminated in plaintiff's favor.

25. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

(Section 1983 False Arrest Claim Against the Individual Defendants)

26. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

27. The individual defendants willfully and intentionally seized, searched, detained, and arrested plaintiff, and caused him to be imprisoned, without probable cause, and without a reasonable basis to believe such cause existed.

28. Plaintiff had not been engaged in any criminal conduct, nor was he engaged in any conduct that could reasonably be viewed as criminal.

29. Despite the absence of sufficient legal cause, plaintiff was arrested and jailed.

30. To the extent that any of the individual defendants did not affirmatively engage in this conduct, each such defendant was aware of his or her fellow officers' misconduct, had ample opportunity to intervene and prevent or limit the constitutional harms being visited on the plaintiff, but failed to intervene in any way.

31. By so doing, the individual defendants subjected plaintiff to false arrest and imprisonment, and thereby violated and aided and abetted in the violation of plaintiff's

rights under the Fourth Amendment of the United States Constitution.

32.     By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer the deprivation of his liberty, loss of his constitutional rights, physical injuries, and mental anguish.

## SECOND CAUSE OF ACTION

(Section 1983 Denial of a Fair Trial Claim Against the Individual Defendants)

33.     Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

34.     The individual defendants willfully and intentionally fabricated evidence by falsely memorializing claims to have witnessed plaintiff engage in criminal or unlawful activity, and then forwarded these materially false claims to the RCDA in order to justify their arrest of plaintiff, and to justify, bring about and cause plaintiff to be deprived of his liberty and to be criminally prosecuted.

35.     To the extent that any of the individual defendants did not affirmatively engage in this conduct, each such defendant was aware of his or her fellow officers' misconduct, had ample opportunity to intervene and prevent or limit the constitutional harms being visited on the plaintiff, but failed to intervene in any way.

31.     By so doing, the individual defendants subjected the plaintiff to the denial of a fair trial and violation of his right to due process fabricating evidence and otherwise providing prosecutors with a materially false and misleading version of events, and

thereby violated plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

36. By reason thereof, the individual defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer the deprivation of his liberty, loss of his constitutional rights, physical injuries, and mental anguish.

### THIRD CAUSE OF ACTION

(Section 1983 Malicious Prosecution Against the Individual Defendants)

37. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

38. The individual defendants willfully and intentionally caused plaintiff to be subjected to criminal prosecution by falsely memorializing claims to have witnessed plaintiff engage in criminal or unlawful activity, and then forwarded these materially false claims to the RCDA, which resulted in the RCDA presenting criminal charges against plaintiff without probable cause for said prosecution.

39. The criminal prosecution caused plaintiff to suffer a deprivation of liberty before it was terminated favorably for plaintiff.

40. To the extent that any of the individual defendants did not affirmatively engage in this conduct, each such defendant was aware of his or her fellow officers' misconduct, had ample opportunity to intervene and prevent or limit the constitutional harms being visited on the plaintiff, but failed to intervene in any way.

31.     By so doing, the individual defendants caused plaintiff to be maliciously prosecuted, and thereby violated plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

41.     By reason thereof, the individual defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer the deprivation of his liberty, loss of his constitutional rights, physical injuries, and mental anguish.

## FOURTH CAUSE OF ACTION

(Section 1983 *Monell* Claim Against the Municipal Defendant)

42.     Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

43.     Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

44.     Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers, fabrication of evidence, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD.  Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their

authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

45. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

46. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers.

47. The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

48. The official policies, practices and customs of the City of New York and the NYPD alleged herein violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States.

49. All of the acts and omissions by the individual defendants described

above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures, and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD

50. Therefore the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of the plaintiff's rights in particular.

51. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## **DEMAND FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**[Remainder of Page Intentionally Blank]**

WHEREFORE, the plaintiff demands judgment against the individual defendants and the City of New York as follows:

    i.    actual and punitive damages against the individual defendants in an amount to be determined at trial;

    ii.    actual damages in an amount to be determined at trial against the City of New York;

    iii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

    iv.    such other relief as the Court deems just and proper.

Dated: New York, New York
October 14, 2019

LUMER LAW GROUP
Attorneys for Plaintiff

*/s/ Michael Lumer*

Michael Lumer, Esq.
305 Broadway, Suite 1400
New York, New York 10007
(212) 566-5060