UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
SEAN MINGO,                                         :
                                                    :
                      Plaintiff,         :
                                                    :        **ORDER**
              -against-                 :        19 Civ. 5806 (FB) (VMS)
                                                    :
THE CITY OF NEW YORK, KENDRICK                      :
VICTORIA, UC 320, and JOHN DOES 1-3,                :
                                                    :
                      Defendants.        :
------------------------------------------------------------ x

**Vera M. Scanlon, United States Magistrate Judge:**

       Plaintiff Sean Mingo ("Plaintiff") brings this federal civil rights action against Defendants New York Police Department ("NYPD") Detective Kendrick Victoria, NYPD Undercover Officer ("UC Officer") 320 ("Officer Defendants"), NYPD Officer John Does 1-3, and Defendant City of New York ("City Defendant") in connection with a 2016 arrest and related criminal charges that were later dismissed. See ECF No. 1. Plaintiff alleges claims pursuant to 42 U.S.C. § 1983 against Officer Defendants for violating his right to be free from false arrest, from evidence fabrication/deprivation of fair trial and from malicious prosecution under the United States Constitution, and a Monell claim against the City Defendant. See id. Before the Court is Plaintiffs' motion to compel Defendants to produce certain disciplinary and personnel records for Officer Defendants, and Plaintiff's motion for sanctions arising from his need to make his motion to compel. See ECF No. 21. For the following reasons, Plaintiff's motion to compel is granted, but the motion for sanctions is denied.

    **I.**    **Motion To Compel**

      As relevant here, Plaintiff served Defendants with document requests ("DRs") seeking (1) Officer Defendants' IAPRO, ICIS, CPI and MOS reports, which are personnel records

serving as Officer Defendants' "disciplinary indices," see ECF 21-1 (DR 1); and (2) Officer Defendants' performance evaluations, see id. (DR 2). Defendants objected. See id. (DR 1-2). Plaintiff filed the instant motion to compel, see ECF No. 21; Defendants opposed, see ECF No. 22; and the Court heard the parties' arguments, see ECF No. 23.[1]

Defendants argue that Plaintiff's request for Officer Defendants' disciplinary summaries and performance evaluations seek irrelevant information, and ask that the Court impose certain substantive and temporal limitations upon them. See ECF No. 22. For example, Defendants suggest that Plaintiff should only be permitted to discover Officer Defendants' disciplinary summaries and performance evaluations that reflect substantiated or unsubstantiated investigative misconduct findings during the ten-year period leading up to the incident. See id. The Court disagrees. The Court recently rejected Corporation Counsel's same arguments in another federal civil rights action, finding police officer personnel records relevant to claims under Federal Rules of Evidence 404(b), 607, 608(b) and other law without such substantive or temporal limitations. See Walls v. City of New York, No. 19 Civ. 337 (RPK) (VMS), 2020 WL 6899996, at *3-5 (E.D.N.Y. Nov. 24, 2020). On the record in this case, the same analysis applies, and the holding in Walls is applicable here, too. The information sought by Plaintiff's requests for Officer Defendants' disciplinary summaries and performance evaluations are

---

[1] Although the parties also have disputes pertaining to Plaintiff's requests for other Officer Defendants' disciplinary and personnel records, Plaintiff's instant motion to compel seeks only Defendants' full and complete responses to Plaintiff's requests for Officer Defendants' disciplinary summaries and performance evaluations. See ECF No. 21 at 4. Plaintiff reserves the right to seek production of records responsive to other disputed requests at a later moment. See id. Those disputed requests include NYPD Internal Affairs Bureau ("IAB") records concerning allegations or investigations of Officer Defendants' misconduct, see ECF No. 21-1 (DR 3); any other NYPD records concerning allegations or investigations of Officer Defendants' misconduct, see id. (DR 4); and Civilian Complaint Review Board ("CCRB") records concerning allegations or investigations of Officer Defendants' misconduct, see id. (DR 5).

relevant, and Defendants' proposed substantive and temporal modifications are unnecessary. See id. at *3-5.

The Court also notes that the Walls analysis only found police officer personnel records relevant to the plaintiffs' individual-liability claims against defendant officers as the plaintiffs did not bring a Monell claim in that case. See id. at *1 n.1. In contrast, Plaintiff raises a Monell claim against the City Defendant here. In the present case, the Court finds Defendant Officers' disciplinary summaries and performance evaluations relevant to the Monell claim as possible evidence of the City Defendant's notice of misconduct by Officer Defendants that may have required the City Defendant to meaningfully act to address the risk of future misconduct it presented. See, e.g., Outlaw v. City of Hartford, 884 F.3d 351, 380 (2d Cir. 2018); Vann v. City of New York, 72 F.2d 1040, 1049-50 (2d Cir. 1995); Walls, 2020 WL 6899996, at *3 n.5 (noting that relevant information need not be shown to be admissible to be discoverable).

Defendants also ask the Court for an order requiring Plaintiff to treat Officer Defendants' disciplinary summaries and performance evaluations as confidential material and argue that courts' willingness to issue such orders in the past demonstrates good cause for their request here. See ECF No. 22; Fed. R. Civ. P. 26(c). The Court disagrees because the orders cited by Defendants predate June 12, 2020, the date of the repeal of New York Civil Rights Law § 50-a; prior to that date, state law provided that police officer personnel records should be considered confidential, and federal courts often acknowledged the state law confidentiality provisions. See N.Y. Civ. Rights L. § 50-a, repealed by L.2020, c. 96, § 1, eff. June 12, 2020; Walls, 2020 WL 6899996, at *6 (discussing § 50-a's repeal and citing cases prior to that repeal when the law had been invoked for confidential handling of police officer personnel records).

3

The Court also disagrees with Defendants' alternative good cause arguments for their requested protective order. The Court does not find the United States District Court for the Southern District of New York's Plan for Certain 1983 Cases Against the City of New York to control discovery disputes in this District. See Walls, 2020 WL 6899996, at *5 n.7. The official information privilege does not require the protective order, which Defendants say that they have cited in the past to withhold officers' home addresses and social security numbers. See ECF No. 23 at 5-7. Now, Defendants argue in conclusory fashion that that privilege should be extended to require confidential handling of Officer Defendants' disciplinary summaries and performance evaluations in their entirety. See id. at 7. This fails to make the "substantial threshold showing" that the disclosure of Officer Defendants' disciplinary summaries and performance evaluations "would result in specific harm to [the] identified important interests" that an official information privilege protects. See ECF No. 23 at 5-7; King v. Conde, 121 F.R.D. 180, 190 (E.D.N.Y. 1988). Defendants must therefore produce the discovery with the limited redaction of highly sensitive personal information such as Officer Defendants' home addresses and telephone numbers, social security numbers and the like.

## II.    Motion For Sanctions

The Court denies Plaintiff's motion for sanctions against Defendants for Plaintiff's attorney's fees incurred in making his motion to compel. See ECF No. 21 at 4. The Court finds Defendants' opposition substantially justified in light of § 50-a's very recent repeal and the fact that it was made prior to this Court's decision in Walls. See Fed. R. Civ. P. 37(a)(5)(A)(ii); Pierce v. Underwood, 487 U.S. 552, 565 (1988) (holding "substantially justified" to mean "justified to a degree that could satisfy a reasonable person").

### III. Conclusion

For the foregoing reasons, the Court grants Plaintiffs' motion to compel and denies Plaintiff's motion for sanctions. <u>See</u> ECF No. 21. The Court directs Defendants, who may redact highly personal and sensitive information such as Officer Defendants' home addresses and telephone numbers, social security numbers and the like, to produce Officer Defendants' disciplinary summaries and performance evaluations within fourteen days of this Order.

Dated: Brooklyn, New York
December 3, 2020

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge